I must respectfully dissent from the holding of the majority decision because I believe it makes Alabama's "long-arm" statute "too long."
I concurred in Chief Justice Torbert's dissent in DeSotacho,Inc. v. Valnit Industries, Inc., 350 So.2d 447 (Ala. 1977) because I agreed with him there were not, in my judgment, such "minimal contacts" in that case so as to justify in personam jurisdiction under the "long-arm statute." The majority held otherwise, and, therefore, I cited the DeSotacho v. Valnit case when I authored the opinion for the Court in Semo Aviation,Inc. v. Southeastern Airways Corp., [M.S. May 19, 1978, rehearing overruled July 21, 1978] 360 So.2d 936 (Ala. 1978).Semo, in my judgment, is a much stronger case than DeSotacho.
The "minimum contacts" in Semo are as follows: that the planes would be delivered in Alabama; that they would be used to service mail contracts in Alabama; that the agent of defendant came to Alabama to pick up the checks for the planes and to deliver the written invoices and "spec. sheets"; that several phone calls were made by the agent to Alabama during the negotiation of the contract; that a number of calls were made by defendants to an Alabama bank to help the buyer secure financing; that defendant Semo was flying regularly scheduled flights into Alabama pursuant to its mail contract.
The "minimum contacts" present in Semo are a far cry from the "minimum contacts" in this case. Here, the contract was made by the seller-manufacturer who sold its product in Oregon to a customer having a business address in Alabama, the customer accepted delivery in Wisconsin, and the product allegedly caused injury while being operated by the purchaser in Alabama. I believe the majority's application of the "minimum contacts" test in this case (in the words of the Supreme Court in its most recent in personam case in Kulko v. Superior Court ofCalifornia et al., (1978) 436 U.S. 84, 98 S.Ct. 1690,56 L.Ed.2d 132) "represents an unwarranted extension ofInternational Shoe and would, if sustained, sanction a result which is neither fair, just, nor reasonable.
TORBERT, C.J., concurs. *Page 1027